IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CV-149-FL

| | | |
|---|---|---|
| CRAIG STAMBAUGH and DAVID FLOYD, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| MARITRANS, INC., and MARITRANS OPERATING COMPANY, L.P., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, motion to transfer venue (DE # 10). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge David W. Daniel entered a memorandum recommending the court grant defendants' motion to dismiss for lack of personal jurisdiction. Plaintiffs timely filed objections to the Memorandum and Recommendation ("M&R"), and defendants replied. In this posture, the issues raised are ripe for adjudication. Except as modified herein, the court adopts the M&R as its own and grants defendants' motion to dismiss.

STATEMENT OF THE CASE

Defendant Maritrans Operating Company, L.P., a Delaware corporation with a principal place of business in Florida, operated and chartered the tugboat VALOUR. Defendant Maritrans, Inc., also a Delaware corporation with a principal place of business in Florida, is the parent company of Maritrans Operating Company. Plaintiff Craig Stambaugh was, at the time of the incident, the

engineer on board the JUSTINE FOSS. Plaintiff David Floyd was an "Able-Bodied Seaman" on the JUSTINE FOSS. Plaintiffs are residents of the state of Oregon, and have brought this action in the Eastern District of North Carolina alleging a claim for marine salvage under admiralty law.

On January 17, 2006, the tugboat VALOUR was towing a double-hulled barge, the MARITRANS 192, carrying approximately 5.7 million gallons of oil about twenty-nine (29) miles off the North Carolina coast. Weather conditions deteriorated throughout the day and around midnight the VALOUR was in extreme distress. To save his vessel and crew, the master of the VALOUR was forced to release the barge. Notwithstanding these efforts, the VALOUR sank and two crew members lost their lives.

Learning that the VALOUR and the barge were in trouble, Maritrans Operating Company contracted with Foss Maritime Company, the owner and operator of the tugboat JUSTINE FOSS, to render assistance. The JUSTINE FOSS arrived on the scene after the VALOUR sank, but was able to rescue a number of the VALOUR's crew and, with the help of the Coast Guard, was able to secure the barge. At the direction of the Coast Guard, the JUSTINE FOSS towed the barge to Wilmington, North Carolina, the nearest port to the accident.

## STANDARD OF REVIEW

In addressing defendants' objections to the M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## DISCUSSION

As a preliminary matter, the court notes plaintiffs have not objected to the M&R's recommendation to dismiss the matter for lack of personal jurisdiction. Moreover, the objections made have no bearing on the jurisdiction, venue, or recommended disposition of the case. Plaintiffs seek modification of the M&R on the grounds that specific language used therein does not fully reflect their position, and that the proposed wording more accurately conveys their arguments.

Plaintiffs' first objection relates to the M&R's inclusion of the statement: "Because Defendants requested and paid the JUSTINE FOSS to aid in its rescue, and because the JUSTINE FOSS retrieved and towed the barge to a North Carolina port, Plaintiffs argue that Defendants 'authorized' or 'ratified' their actions." Plaintiffs propose the court substitute the following language for the above passage: "Because Defendants requested and paid *Foss Maritime Company* to aid in the rescue of the barge; because the JUSTINE FOSS retrieved and towed the barge to a North Carolina port; *and because Defendants accepted Plaintiffs' services*, Plaintiffs argue that defendants 'authorized' or 'ratified' their actions." (Pl.'s Obj. at 2.) (emphasis added).

In response, defendants assert that sufficient evidence exists in the record to support the language used in the M&R. Defendants argue the Standard Daily Rate Towage Agreement ("towing contract") entered into by Maritrans Operating Company and Foss Maritime Company indicates the specific vessel hired for work and, as a result, the M&R's characterization is accurate. See (Pl.'s Obj., Ex. I.) Defendants, however, fail to note that provision 2A of the towing contract states, "Customer shall pay *Owner* the daily hire rate identified on the face hereof for each calendar day or fraction thereof." (Id.) (emphasis added). The towing contract expressly identifies the "Owner" as Foss Maritime Company, and the "Customer" as Maritrans Operating Company. In light of the

3

towing contract's terms, the court finds that plaintiffs' proposed language more accurately reflects the relationship and interaction of the parties. As a result, the court grants plaintiffs' first objection and modifies the M&R accordingly.

Plaintiffs' second objection relates to the M&R's inclusion of the statement: "However, Defendants hired Plaintiffs to aid in the rescue of the VALOUR, and to help retrieve the barge." Plaintiffs propose the court substitute the following language for the above passage: "However, Defendants hired *Foss Maritime Company* to aid in the rescue of the VALOUR, and to help retrieve the barge." (Pl.'s Obj. at 2.) (emphasis added). Defendants do not object to plaintiffs' proposed change in language. The court finds the proposed wording more accurately reflects that the parties to the towing contract were Maritrans Operating Company and Foss Maritime Company. As a result, the court grants plaintiffs' second objection and modifies the M&R accordingly.

## CONCLUSION

For the foregoing reasons, the court SUSTAINS plaintiffs' objections (DE # 42) to the M&R. Except as modified herein, the court ADOPTS the M&R as its own (DE # 39), and GRANTS defendants' motion to dismiss for lack of personal jurisdiction and improper venue (DE # 10). The Clerk is directed to close this case.

SO ORDERED, this the 5th day of July, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge